UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
IN RE: HIGH PRESSURE LAMINATES
ANTITRUST LITIGATION

                                                                                       00 MDL 1368 (CLB)

                                                                         *Memorandum and Order*

---------------------------------------------------------x

Brieant, J.

      Before this Court are two *in limine* motions heard on April 5, 2006 as to which decision was reserved. Defendant Wilsonart seeks to (1)exclude Plaintiffs' Linear Regression Damages Model under *Daubert* and Fed.R.Evid. 702 (Doc. No. 277; Designated as D-5 by the Court at oral argument) and to (2) exclude the testimony of Drs. Rausser and Beyer for failure to disaggregate their opinions (Doc. No. 283; Designated as D-6 by the Court at oral argument). Familiarity with this case on the part of the reader is assumed for purposes of these motions. For the following reasons, both motions are denied.

*Motion to Exclude Plaintiffs' Linear Regression Damages Model under Daubert and Fed.R.Evid. 702:*

      Linear regression attempts to model the relationship between variables by fitting a linear equation to observed data. Here, Dr. Beyer's regression model attempts to determine whether changes in the price of HPL from 1994-1999 can be explained by variables such as supply and demand. Wilsonart contends that this model is not reliable because it (1) inappropriately uses or selects incorrect or misleading data and (2) fails to account for relevant explanatory variables impacting price during the class period. Defendant contends that class damages (5 and ½ cents

per square foot of laminated product) could not possibly be the same for every year, and for each member of the class, in light of the wide spectrum of variables unaccounted for by Dr. Beyer such as grade, geography, etc.  Defendant's expert also contends, based on his own analysis, that damages are not 5 and ½ cents per foot, squared, but rather zero.  Based on these points, Defendant Wilsonart seeks preclusion of Dr. Beyer's model.

Wilsonart's objections with respect to Dr. Beyer's model are duly noted, and are specifically the kind of objections that can be raised to a jury, during cross-examination.  As stated by Our Court of Appeals in *Litton Systems, Inc. v. American Tel. & Tel. Co.*, 700 F.2d 785, 823 (2d. Cir. 1983), *accord, New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 88 (2d. Cir. 2000):

> [D]amages in antitrust cases are rarely susceptible of the kind of concrete, detailed proof of injury which is available in other contexts, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 23 L. Ed. 2d 129, 89 S. Ct. 1562 (1969), thus bringing the elasticity of *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563, 75 L. Ed. 544, 51 S. Ct. 248 (1931), into play. *See also Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 264-65, 90 L. Ed. 652, 66 S. Ct. 574 (1946). Accordingly, where there is a basis on which a jury can reasonably infer significant antitrust injury, [the court] should be very hesitant before determining that damages cannot be awarded.

Here, there is sufficient basis upon which a juror could reasonably conclude that the Plaintiff class suffered significant antitrust injury.  The jury is the proper body to decide whether or not and, if so, to what extent, Dr. Beyer's model should be discredited.  A plaintiff must not be denied relief, once he or she has proved injury, simply because of some difficulty in providing precise damages.

*Motion to Exclude the Testimony of Drs. Rausser and Beyer for Failure to Disaggregate Their Opinions as to Damage Causation:*

Wilsonart contends the following: The expert testimony of Dr. Rausser and Dr. Beyer in this litigation will confuse and be unhelpful to the jury, and therefore must be excluded. Dr. Rausser cannot prioritize the significance of the many factors underlying his two points–that the economic conditions of the industry were consistent with Defendants' ability to form and maintain an agreement to fix prices (nine factors cited) and that the HPL manufacturers' behavior was consistent with collusion (ten factors cited)–and Dr. Beyer did not provide a damages figure for each discrete alleged act of collusion. This Court disagrees. As stated previously by this Court in its summary judgment *Memorandum and Order*:

> It is true that Dr. Rausser utilized numerous factors to support his ultimate conclusions and that he did not disaggregate these factors or potential lawful behavior of the Defendants. However, these issues concern the weight that the jury may choose to give Dr. Rausser's testimony. *Memorandum and Order*, p. 18, dated September 7, 2004.

At most the failure to disaggregate goes to the weight of the testimony.

Both motions (Docs. 277 and 283) are denied.

X

              X

                            X

                                        X

SO ORDERED.

Dated: White Plains, New York
April 7, 2006

_____
Charles L. Brieant. U.S.D.J.

4